IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:19CR264-SDJ-KPJ |
| GARY COLLIN BUSSELL (1) <br> BEN WESTIN (2) <br> SCOTT PERRAS (3) <br> FRANK ERIC DOCKERY (4) <br> WILLIAM GRANT ALLBROOK (5) <br> AUSTIN SEYMOUR (6) <br> LISA YOUNG (7) <br> GEORGE WAGNER, III (8) <br> GINA CORWIN (9) <br> TODD SHEWMAKE (10) <br> PETER YIN (11) | § § § § § § § § § § § § | Judge Jordan |



## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

            Violation: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Possession with the Intent to Distribute and Distribution of Controlled Substances Resulting in Death and Aiding and Abetting)

In or about December 2018, in the Eastern District of Texas and elsewhere, the defendants, **Gary Collin Bussell, Ben Westin, Scott Perras, William Grant Allbrook,** and **Peter Yin** aided and abetted by each other did knowingly and intentionally possess with intent to distribute and distribute a mixture or substance containing a detectible amount of

Alprazolam and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (Fentanyl), and the death of R.J.P. on or about December 28, 2018, resulted from the use of Alprazolam and Fentanyl distributed by the defendants in violation of 21 U.S.C. § 841.

In violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

### Count Two

Violation: 21 U.S.C. § 846
(Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance)

That from sometime in or about 2014, and continuously thereafter up to and including on or about November 22, 2019, in the Eastern District of Texas and elsewhere, **Gary Collin Bussell, Ben Westin, Scott Perras, William Grant Allbrook, Austin Seymour, Lisa Young, George Wagner, III, Gina Corwin, Todd Shewmake**, and **Peter Yin** defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectible amount of Alprazolam, Oxycodone, Amphetamine (Adderall), Cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (Fentanyl), in violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Three

Violation: 18 U.S.C. § 3
(Accessory after the Fact)

In or about December 2018, in the Eastern District of Texas, the defendant, **Frank**

**Eric Dockery**, knowing that an offense against the United States had been committed, to wit, possession with intent to distribute a mixture or substance containing a detectible amount of Alprazolam and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (Fentanyl), by co-defendant, Ben Westin, as charged in Count One of this Indictment, did receive, relieve, comfort, and assist Ben Westin in order to hinder and prevent his prosecution, apprehension, trial, and punishment, in violation of 18 U.S.C. § 3.

### Count Four

Violation: 18 U.S.C. § 4
(Misprison of a Felony)

In or about December 2018, in the Eastern District of Texas and elsewhere, **Frank Eric Dockery**, having knowledge of the actual commission of a felony cognizable by a court of the United States, to-wit, possession with intent to distribute a mixture or substance containing a detectible amount of Alprazolam and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (Fentanyl), in violation of 21 U.S.C. § 841, did conceal the same by failing to report the criminal activity and did not make known this fact as soon as possible to a judge or other person in a position of authority under the United States.

In violation of 18 U.S.C. § 4.

### Count Five

Violation: 21 U.S.C. § 841(a)(1) and
18 U.S.C. § 2 (Possession with the Intent to Distribute and Distribution of Controlled Substances and Aiding and Abetting)

That from sometime in or about 2014, and continuously thereafter up to and

including on or about November 22, 2019, **Gary Collin Bussell, Ben Westin, Scott Perras, Frank Eric Dockery, William Grant Allbrook, Austin Seymour, Lisa Young, Todd Shewmake,** and **Peter Yin** aided and abetted by each other did knowingly and intentionally possess with intent to distribute and distribute a mixture or substance containing a detectible amount of Alprazolam, Oxycodone, Cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), in violation of 21 U.S.C. § 841.

In violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

### Count Six

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about March 26, 2019, in the Eastern District of Texas, **Ben Westin**, defendant, did knowingly possess firearms, namely a Remington Shotgun serial number RS40408 and a Mossberg .22 Rifle serial number 13507727, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession with intent to distribute a mixture or substance containing a detectible amount of Alprazolam, Oxycodone, Amphetamine (Adderall), Cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (Fentanyl), a violation of 21 U.S.C. § 841(a)(1).

In violation of 18 U.S.C. § 924(c).

### Count Seven

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

That from sometime in or about 2017, and continuously thereafter up to and including the date of this Indictment, in the Eastern District of Texas, **Frank Eric Dockery**, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession with intent to distribute a mixture or substance containing a detectible amount of Alprazolam, Oxycodone, Amphetamine (Adderall), Cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (Fentanyl), a violation of 21 U.S.C. § 841(a)(1).

In violation of 18 U.S.C. § 924(c).

### Count Eight

> <u>Violation</u>: 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Methamphetamine)

That from sometime in or about 2014, and continuously thereafter up to and including on or about November 22, 2019, in the Eastern District of Texas and elsewhere, **Gary Collin Bussell, Ben Westin, Scott Perras, William Grant Allbrook, Austin Seymour, Lisa Young, Gina Corwin, Todd Shewmake,** and **Peter Yin** defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. § 853

As a result of committing the offenses charged in this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all property, real and personal, involved in the offenses alleged or traceable to such property, and all property, real or personal, used to commit or facilitate the offenses alleged, including, but not limited to, the following:

## Firearms

Remington Shotgun serial number RS40408; and
Mossberg .22 Rifle serial number 13507727.

## Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant –

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any other property of each defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by each defendant.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest that each defendant has in the above-described property is vested in and hereby forfeited to the United States.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____   12/12/19
JAY R. COMBS                       Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:19CR264-SDJ-KPJ |
| | § | |
| GARY COLLIN BUSSELL (1) | § | Judge Jordan |
| BEN WESTIN (2) | § | |
| SCOTT PERRAS (3) | § | |
| FRANK ERIC DOCKERY (4) | § | |
| WILLIAM GRANT ALLBROOK (5) | § | |
| AUSTIN SEYMOUR (6) | § | |
| LISA YOUNG (7) | § | |
| GEORGE WAGNER, III (8) | § | |
| GINA CORWIN (9) | § | |
| TODD SHEWMAKE (10) | § | |
| PETER YIN (11) | § | |

## NOTICE OF PENALTIES

### Count One

Violation:   21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

Penalty:   If death or serious bodily injury resulted from the uses of such substance then a term of imprisonment of not less than 20 years or more than life, a fine not to exceed $5,000,000 or both. A term of supervised release of at least five (5) years.

Special Assessment: $ 100.00

### Count Two

Violation:   21 U.S.C. § 846

Penalty:   A term of imprisonment of not more than 20 years imprisonment, a fine not to exceed $1,000,000.00 or both; supervised release of at least three years;

Special Assessment: $100.00

### Count Three

Violation:   18 U.S.C. § 3

Penalty:   A term of imprisonment of not more than 15 years, a fine not to exceed $2,500,000, or both. A term of supervised release of at least three (3) years.

Special Assessment: $ 100.00

### Count Four

Violation:   18 U.S.C. § 4

Penalty:   Not more than 3 years, a fine not to exceed $250,000, or both. A term of supervised release of not more than one (1) year.

Special Assessment: $ 100.00

### Count Five

Violation:   21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

Penalty:   A term of imprisonment of not more than 20 years imprisonment, a fine not to exceed $1,000,000.00 or both; supervised release of at least three years;

Special Assessment: $100.00

### Counts Six and Seven

Violation:   18 U.S.C. § 924(c)

Penalty:   Imprisonment for not less than 5 years or more than life, which imprisonment must be consecutive to any other sentence imposed for the drug trafficking crime during which the firearm was possessed, a fine not to exceed $250,000.00 or both. A term of supervised release of not more than 3 years.

Special Assessment: $ 100.00

## Count Eight

Violation:   21 U.S.C. § 846

Penalty:   If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or if 50 grams or more of Methamphetamine (actual) -- not less than 10 years and not more that life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five (5) years.

If 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or if 5 grams or more of Methamphetamine (actual) -- not less than 5 years and not more than 40 years imprisonment, a fine not to exceed $5 million, or both; supervised release of at least 4 years.

If less than 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or less than 5 grams of methamphetamine (actual) -- not more than 20 years imprisonment, a fine not to exceed $2 million, or both; supervised release of at least 3 years.

Special Assessment: $100.00